IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| MALACHAI DEBRUCE, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 13-2016-LPS |
| CITY OF WILMINGTON, et al., | : | |
| Defendants. | : | |

Malachai DeBruce, Central Violation of Probation Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 11, 2014
Wilmington, Delaware


**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Malachai DeBruce ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the Central Violation of Probation Center in Smyrna, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

On November 8, 2013, Plaintiff and his fiancé, Doris Dunfee ("Dunfee"), were walking in Wilmington, Delaware when they were stopped by police officers, handcuffed, and searched. At the time, Dunfee was pregnant. Plaintiff protested the "illegal search and seizure." Plaintiff is black and his fiancé is white. He alleges that the couple was racially profiled as a drug dealer/drug user because they were walking to their home in a "high-crime area." (D.I. 2) "After illegally detaining and arresting [them]," they were taken to the Wilmington Police Headquarters. Plaintiff alleges that while they were being transported, a police officer informed them that "the Mayor of Wilmington instructed us to jump out on people like you." (*Id.*) Plaintiff alleges violations of his rights under the Delaware and United States Constitutions. Plaintiff seeks compensatory damages for the loss of his job and home.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Municipal Liability

Plaintiff alleges that he was subjected to an unlawful search and seizure and racial profiling by Defendants. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). According to Plaintiff, he was told that Wilmington's mayor had instructed police officers to "jump out on people" like him.

A government policy is established by a "decisionmaker possessing final authority," and a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an

3

allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff's reference to a vague statement does not adequately identify an unconstitutional policy or custom. Nor has Plaintiff pled that Defendants were the "moving force" behind any alleged constitutional violation. Absent an allegation that a custom or policy established by the City of Wilmington directly caused harm to him, Plaintiff's § 1983 claim cannot stand.

Accordingly, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(B)(1). However, since it is not inconceivable that Plaintiff may be able to articulate a claim against Defendants, (or, potentially, name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B. Amended Complaint

Plaintiff filed an Amended Complaint that adds Dunfee as a plaintiff and seeks to recover damages for the wrongful death of their unborn child. (*See* D.I. 9) Plaintiff alleges that police officers manhandled Dunfee on November 8, 2013, which caused a miscarriage on November 19, 2013. However, as a non-attorney, Plaintiff may not act as an attorney for other individuals and may only may only represent himself in this court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children); *In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) ("Although

4

a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

Accordingly, the Court will strike the Amended Complaint. (D.I. 9) Dunfee has the option of filing a complaint on her own behalf.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court will strike the Amended Complaint. Plaintiff will be given leave to amend his Complaint.

An appropriate Order follows.